1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   REFUGIO PINEDO HUIZAR
6

7

8             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                  SAN FRANCISCO DIVISION

10 REFUGIO PINEDO HUIZAR,                    Case No. C 07 03973 SC

11                     Plaintiff,

12 v.                                        COMPLAINT

13                                           DEMAND FOR JURY TRIAL
   FIRSTSOURCE ADVANTAGE, LLC,
14 D/B/A ACCOUNT SOLUTIONS GROUP,           15 United States Code § 1692 *et seq.*
   LLC, a New York limited liability company, California Civil Code § 1788 *et seq.*
15
                       Defendant.
16

17      Plaintiff, REFUGIO PINEDO HUIZAR (hereinafter "Plaintiff"), based on

18 information and belief and investigation of counsel, except for those allegations which pertain to the

19 named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the

20 following allegations:

21                         **I. INTRODUCTION**

22      1.      This is an action for statutory damages, attorney fees and costs brought by an

23 individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24 § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

25 California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

26 engaging in abusive, deceptive and unfair practices.

27                         **II. JURISDICTION**

28      2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

                                  -1-
                               COMPLAINT

1   1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3          3.      This action arises out of Defendant's violations of the Fair Debt Collection

4   Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

5                                    **III.  VENUE**

6          4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

7   that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

8   district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

9   Defendant transacts business in this judicial district and the violations of the FDCPA complained

10  of occurred in this judicial district.

11                          **IV.  INTRADISTRICT ASSIGNMENT**

12         5.      This lawsuit should be assigned to the San Francisco Division of this Court

13  because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San

14  Mateo County.

15                                   **V.  PARTIES**

16         6.      Plaintiff, REFUGIO PINEDO HUIZAR (hereinafter "Plaintiff"), is a natural

17  person residing in San Mateo County, California.  Plaintiff is a "consumer" within the meaning of

18  15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

19         7.      Defendant, FIRSTSOURCE ADVANTAGE, LLC, D/B/A ACCOUNT

20  SOLUTIONS GROUP, LLC (hereinafter "ASG"), is a New York limited liability company engaged

21  in the business of collecting debts in this state with its principal place of business located at:  205

22  Bryant Woods South, Amherst, Erie County, New York  14228-3609.  The principal purpose of

23  ASG is the collection of debts using the mails and telephone, and ASG regularly attempts to collect

24  debts alleged to be due another.  ASG is a "debt collector" within the meaning of 15 U.S.C. §

25  1692a(6) and Cal. Civil Code § 1788.2(c).

26                          **VI.  FACTUAL ALLEGATIONS**

27         8.      On a date or dates unknown to Plaintiff, Plaintiff is incurred a financial

28  obligation that was primarily for personal, family or household purposes, namely a credit account

1  issued by Capital One Bank and bearing the account number XXXX-XXXX-XXXX-2085

2  (hereinafter "the debt").  The financial obligation owed to Capital One Bank by the Plaintiff is a

3  "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined

4  by Cal. Civil Code § 1788.2(f).

5          9.      Sometime thereafter on a date unknown to Plaintiff, the debt was consigned,

6  placed or otherwise transferred to Defendant for collection from Plaintiff.

7          10.     Thereafter, on or about March 16, 2007, an employee of Defendant recorded

8  the following message on Plaintiff's answering machine:

9
10
> My name is [inaudible].  I need to speak to Refugio Huizar.  Call me back at 866-276-8306 with the reference number at 7340647.

11          11.     On or about March 18, 2007, an employee of Defendant recorded the

12  following message on Plaintiff's answering machine:

13
14
15
> Hi, this message is for Refugio.  Refugio, this is Lawrence calling from ASG.  It is very important for you to return my call.  My toll-free call back number is 866-276-8306.  I repeat, it's 866-276-8306.  Your reference number in my office is 7340647.  I repeat it.  Your reference number in my office, Refugio, is 7340647.  My office will be open from 8 a.m. to 10 p.m. eastern, Monday to Friday, so do give me a call back.  I'll be waiting for your call.

16          12.     On or about March 19, 2007, an employee of Defendant recorded the

17  following message on Plaintiff's answering machine:

18
19
20
> Hi, this message for Refugio.  Refugio, this is Lawrence calling from ASG.  It's very important for you to return my call.  My toll-free call back number is 866-276-8306.  I repeat, 866-276-8306.  Your reference number in my office is 7340647.  I repeat, 7340647.  My office will be open from 8 a.m. to 10 p.m. eastern, Monday to Friday, so do give me a call back, Refugio.  I'll be waiting for your call.

21          13.     Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which

22  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23          14.     A true and accurate copy of the collection letter from Defendant to Plaintiff

24  is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

25          15.     The collection letter (Exhibit "1") is dated March 19, 2007.

26          16.     The collection letter (Exhibit "1") was Defendant's first written notice to

27  Plaintiff in connection with the attempted collection of the debt.

28          17.     On or about March 21, 2007, an employee of Defendant recorded the

-3-
COMPLAINT

following message on Plaintiff's answering machine:

> This message is for Refugio Huizar.  This is Natalie calling you from ASG.  You need to call me at 866-276-8306.  My office will be open today until 10 p.m. eastern.  Or you could reach me tomorrow beginning at 8 a.m.  Your extension in my office is 7340647.

18.     On or about March 28, 2007, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> Hi, this message for Refugio.  Refugio, this is Lawrence calling from ASG.  It's very important for you to return my call.  My toll-free call back number is 866-276-8306.  I'll repeat it, 866-276-8306.  My extension number which you need to reach, is 7340647.  I'll repeat it, 7340647. My office will be open from 8 a.m. to 10 p.m. eastern, Monday through Friday, so do give me a call back.  I'll be waiting for your call.

19.     On or about April 10, 2007, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> Hi, this message for Refugio.  Refugio, this is Lawrence calling from ASG.  It's very important for you to return my call.  My toll-free call back number is 866-276-8306.  I'll repeat it, 866-276-8306.  My extension number which you need to reach, is 7340647.  I'll repeat it, 7340647.  My office will be open from 8 a.m. to 10 p.m. eastern, Monday through Friday, so do give me a call back.  I'll be waiting for your call.

20.     Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21.     Defendant's employees failed to disclose Defendant's identity and the nature of Defendant's business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

22.     Defendant's employees failed to disclose that each of the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).   See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

/ / /

/ / /

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

23.    Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

24.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24 above.

25.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

26.    Defendant, ASG, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27.    The financial obligation owed to Capital One Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

28.    Defendant's answering machine messages described above violate the FDCPA.  The violations include, but are not limited to, the following:

      a.    Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6);

      b.    Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

29.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

30.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31.    Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

32.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 30 above.

33.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

-5-

1   § 1788.2(h).

2         34.    Defendant, ASG, is a "debt collector" as that term is defined by the RFDCPA,

3   Cal. Civil Code § 1788.2(c).

4         35.    The financial obligation owed to Capital One Bank by Plaintiff is a "consumer

5   debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

6         36.    Defendant's answering machine messages described above violate the

7   RFDCPA.  The violations include, but are not limited to, the following:

8               a.    Defendant failed to disclose Defendant's identity and the nature of

9                     Defendant's business, in violation of 15 U.S.C. § 1692d(6), as

10                    incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §

11                    1788.11(b);

12              b.    Defendant failed to disclose that the communications were from a

13                    debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated

14                    by Cal. Civil Code § 1788.17.

15        37.    Defendant's acts as described above were done willfully and knowingly with

16   the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

17   1788.30(b).

18        38.    As a result of Defendant's willful and knowing violations of the RFDCPA,

19   Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

20   ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

21        39.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

22   an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil

23   Code § 1788.17.

24        40.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

25   an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

26   15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

27        41.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

28   RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

1    that Plaintiff may have under any other provision of law.

2    **VIII.  REQUEST FOR RELIEF**

3    Plaintiff requests that this Court:

4    a.    Assume jurisdiction in this proceeding;

5    b.    Declare that Defendant's answering machine messages violated the Fair Debt

6    Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

7    c.    Declare that Defendant's answering machine messages violated the Rosenthal Fair

8    Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

9    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

10    15 U.S.C. § 1692k(a)(2)(A);

11    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

12    $1,000 pursuant to Cal. Civil Code § 1788.30(b);

13    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

14    15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

15    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

16    U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

17    h.    Award Plaintiff such other and further relief as may be just and proper.

18

19    CONSUMER LAW CENTER, INC.

20

21    By: /s/ Fred W. Schwinn
     Fred W. Schwinn, Esq.
     Attorney for Plaintiff
22    REFUGIO PINEDO HUIZAR

23

24

25

26

27

28

-7-
COMPLAINT

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2       Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4                                                   /s/ Fred W. Schwinn
                                                    Fred W. Schwinn, Esq.
5

6                                 ## DEMAND FOR JURY TRIAL

7       PLEASE TAKE NOTICE that Plaintiff, REFUGIO PINEDO HUIZAR, hereby demands a

8  trial by jury of all triable issues of fact in the above-captioned case.

9
                                                    /s/ Fred W. Schwinn
10                                                  Fred W. Schwinn, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28